**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------x

| | | |
|---|---|---|
| RACHEL WITLIEB BERNSTEIN, | : | |
| | : | Index No. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BILL O'REILLY and | : | |
| FOX NEWS NETWORK LLC, | : | |
| | : | **COMPLAINT** |
| Defendants. | : | |

----------------------------------------------------x

Plaintiff, **RACHEL WITLIEB BERNSTEIN**, through her attorneys, Smith Mullin,

P.C., alleges as follows:

### PRELIMINARY STATEMENT

1.      This is a civil action by the plaintiff, Rachel Witlieb Bernstein ("Plaintiff" or

"Ms. Bernstein"), against defendants Bill O'Reilly ("Defendant" or "O'Reilly") and Fox

News Network LLC ("Defendant" or "Fox News") for breach of contract, defamation, breach

of the covenant of good faith and fair dealing, and tortious interference.

### THE PARTIES

2.      Plaintiff, Rachel Witlieb Bernstein, is a resident and citizen of California.

3.      Defendant Bill O'Reilly is a citizen of New York State residing in Long

Island.

4.      Fox News is a cable television news and entertainment company that operates,

among other things, the Fox News Network, Fox Business News, Foxnews.com and, until

recently, Fox News Latino.

1

5.      Fox News maintains its principal place of business in New York, New York, where the acts complained of occurred.

## JURISDICTION

6.      This Court has diversity jurisdiction over this action pursuant to 28 *U.S.C.* § 1332 in that the plaintiff's citizenship is completely diverse form that of the defendants and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

## VENUE

7.      Venue is proper in this District under 28 *U.S.C.* § 1391(b)(2) because defendant Fox News is based in New York City, defendant Bill O'Reilly lives in Long Island, New York, the contract at issue was entered in New York City, the contract provides that New York law applies, and the conduct at issue took place in New York City.

## COUNT ONE

## (BREACH OF CONTRACT)

8.      In July of 2002, plaintiff Rachel Witlieb Bernstein entered into a Settlement Agreement and Release releasing Fox News and Bill O'Reilly of all claims, including claims of discrimination.  The Agreement provides as follows:

> 5(f) Non-Disparagement: Witlieb and Fox each agree not to disparage, trade libel, or otherwise defame each other, and in the case of Fox, Witlieb agrees not to disparage, trade libel, or otherwise defame its officers or employees, including without limitation, Bill O'Reilly.  In the case of Witlieb, for purposes of this Paragraph 5(e), the term "Fox" shall mean the released parties referenced in Paragraph 4(a) above, including Bill O'Reilly, and said released parties agree not to disparage, trade libel, or otherwise defame Witlieb.

2

9.    The Agreement further provides:

> <u>Confidentiality</u>: Wittlieb (sic) and Fox, and their respective
> legal counsel, and any other person acting on Wittlieb (sic) or
> Fox's behalf, or through either of them, shall not disclose to
> any person the contents of this Agreement or the facts or
> allegations that gave rise to this Agreement.  If asked, each of
> Wittlieb (sic) and Fox and their respective legal counsel may
> say only 'The matter has been resolved (or settled)', without
> elaboration.  Notwithstanding the foregoing, however, Wittlieb
> (sic) and Fox, and their respective counsel, shall not be
> prohibited from making such disclosures of these matters to
> any person who has a legal necessity to know (as, for example,
> in the case of a valid subpoena) and to their respective
> accountants, and in Wittlieb's (sic) case, to her immediate
> family, but in each such instance Fox and Wittlieb (sic) shall
> specifically make best efforts to prevent those persons from
> repeating those disclosures to any other person.  Either Wittlieb
> (sic) or Fox's breach of this provision shall constitute a
> material breach of this Agreement.

10.    Ms. Bernstein has in no way violated any of the provisions of the Settlement Agreement.

11.    On April 1, 2017, <u>The New York Times</u> reported that "Bill O'Reilly Thrives at Fox News, Even as Harassment Settlements Add Up."  The article by Emily Steel and Michael S. Schmidt revealed that defendant O'Reilly and/or defendant Fox News had paid five women about $13 million to forego litigation and never speak about what O'Reilly did to them.  The article specifically mentioned plaintiff Bernstein by name:

> Fox News has been aware of complaints about inappropriate
> behavior by Mr. O'Reilly since at least 2002, when Mr.
> O'Reilly stormed into the news room and screamed at a young
> producer, according to current and former employees, some of
> whom witnessed the incident.
>
> Shortly thereafter, the woman, Rachel Witlieb Bernstein, left
> the network with a payout and bound by a confidentiality

3

agreement, people familiar with the deal said.  The exact
amount she was paid is not known, but it was far less than the
other settlements.  The case did not involve sexual harassment.

12.     Ms. Bernstein was not the source of the information printed in <u>The New York</u>

<u>Times</u> story.

13.     In the April 1, 2017 <u>New York Times</u> article, Mr. O'Reilly violated the non-

disparagement clause and defamed Ms. Bernstein by stating:

> Just like other prominent and controversial people, I'm
> vulnerable to lawsuits from individuals who want me to pay
> them to avoid negative publicity.  In my more than 20 years at
> Fox News Channel, no one has ever filed a complaint about me
> with the Human Resources Department, even on the
> anonymous hotline.

14.     In a statement published on O'Reilly's website and published by <u>The</u>

<u>Hollywood Reporter</u> on April 21, 2017, defendant O'Reilly also stated:

> But most importantly, I'm a father who cares deeply for my
> children and who would do anything to avoid hurting them in
> any way.  And so I have put to rest any controversies to spare
> my children.

> The worst part of my job is being a target for those who would
> harm me and my employer, the Fox News Channel.  Those of
> us in the arena are constantly at risk, as are our families and
> children.  My primary efforts will continue to be to put forth an
> honest TV program and to protect those close to me.

15.     These statements also were published in whole or in part by numerous media

outlets including, but not limited to, Newsweek, the Washington Post, NBCnews.com, New

York Magazine, Money Magazine, CNN.com, CNBC.com, Vanity Fair, the LA Times, the

Washington Examiner, Huffington Post, and the Chicago Tribune.  These statements were

published to millions of people.

4

16.     In the April 1, 2017 <u>New York Times</u> article, Mr. O'Reilly also said:

> The worst part of my job is being a target for those who would
> harm me and my employer, the Fox News Channel.

17.     Defendant Fox News participated in and authorized its employee Bill O'Reilly to breach the contract by disparaging and defaming Ms. Bernstein.

18.     Defendant Fox News published a statement through its parent company, 21st Century Fox, defending defendants O'Reilly and Fox on April 1, 2017, the same date <u>The New York Times</u> story exposing O'Reilly's years of abuse of women was published:

> Notwithstanding the fact that no current or former Fox News
> employee ever took advantage of the 21st Century Fox hotline
> to raise a concern about Bill O'Reilly, even anonymously, we
> have looked into these matters over the last few months and
> discussed them with Mr. O'Reilly.  While he denies the merits
> of these claims, Mr. O'Reilly has resolved those he regarded as
> his personal responsibility.  Mr. O'Reilly is fully committed to
> supporting our efforts to improve the environment for all our
> employees at Fox News.

19.     The Fox News statement is false. In fact, Ms. Bernstein repeatedly complained to Fox Human Resources, Bill Shine, and other Fox executives, about Mr. O'Reilly's mistreatment and both defendant Fox News Network LLC and O'Reilly knew that before making the statements above.

20.     The statement by Fox News is deliberately misleading and in breach of Fox's agreement not to disparage Ms. Bernstein.  There was no hotline at Fox during plaintiff's employment.

21.     The statement by Fox News also violated the Confidentiality Clause in the Agreement.

22.     This Fox News statement was published by numerous news outlets throughout the country making it available to millions of people.

23.     In the statements above, defendant O'Reilly portrayed himself as a "target" and claimed that complaints against him are extortionate.  This is false.  In fact, he is a serial abuser and Ms. Bernstein's complaints about him were far from extortionate.

24.     Defendant O'Reilly was employed by Fox News when he breached the non-disparagement and confidentiality clauses of Ms. Bernstein's Settlement Agreement.

25.     Defendants Fox and O'Reilly materially breached the Agreement by making statements other than the agreed-upon statement and by issuing false, disparaging and defamatory statements.

26.     Defendants knew that plaintiff was forced by defendants to sign the non-disparagement and confidentiality clauses and would be afraid to answer defendants' false, disparaging and defamatory statements.

27.     Fox News breached its contract with plaintiff by allowing and authorizing its employee Bill O'Reilly to disparage and defame Ms. Bernstein and to make statements other than those to which the parties agreed.

28.     On September 13, 2017, defendant Bill O'Reilly again falsely stated to The Hollywood Reporter that "no one was mistreated on my watch."  This statement falsely portrayed plaintiff as a liar.

29.     Also on September 13, 2017, defendant O'Reilly stated to The Hollywood Reporter that "once you get a famous name, and once you're in the political arena, the combination is devastating.  If they can get you, they're going to get you."  O'Reilly

presented himself as a victim of a vast conspiracy and not a serial abuser and coward hiding

behind the non-disclosure agreements he forced his victims to sign.

30.     O'Reilly portrayed Ms. Bernstein in a false light, defamed and disparaged her

character, calling into question her motives for reporting O'Reilly's abuse to HR and

ultimately being forced out at Fox News with a Settlement Agreement.

31.     On October 21, 2017, Emily Steel and Michael Schmidt revealed in another

New York Times article that in January 2017, defendant O'Reilly paid Fox News analyst Lis

Wiehl $32 million in exchange for a release of claims of repeated harassment, a non-

consensual sexual relationship, and receiving unwanted pornographic e-mails or texts.  The

article stated that the settlement required Ms. Wiehl to sign a non-disclosure agreement and

to destroy communications between O'Reilly and Wiehl.

32.     The New York Times also reported that in February 2017, one month after

O'Reilly agreed to pay Ms. Wiehl $32 million in exchange for a Release of claims against

him and the company, Fox News, aware of the settlement, signed a four year contract with

O'Reilly paying him $25 million a year.

33.     In response to the new reporting, Mr. O'Reilly made more false and

defamatory statements when questioned about the numerous settlements he and Fox had

entered into with women, stating "I never mistreated anyone."  In fact, he mistreated Ms.

Bernstein frequently and in front of numerous witnesses.  Defendant's false statement

disparaged and defamed Ms. Bernstein by portraying her as a liar.

34.     In October of 2017, O'Reilly added that the claims against him were

"politically and financially motivated."  He also stated that he had "resolved matters privately

because he wanted to protect his children from the publicity." These false statements

portrayed plaintiff in a false light and disparaged her character, in fact calling her a liar and an

extortionist.

35.     In fact, Mr. O'Reilly is the liar. He mistreated Ms. Bernstein. She was forced

out of her job at Fox News and paid a settlement because of his mistreatment. She did go to

HR and other company executives to complain about him several times. Fox News took no

action to protect plaintiff from O'Reilly. There were many witnesses to her mistreatment.

She was not politically or financially motivated to raise the claims of abuse.

36.     In October 2017, Mr. O'Reilly made several public appearances to promote a

new book. During those public appearances, he stated that the complaints made against him

at Fox News by women who received settlements were "a political and financial hit job."

This defamatory and disparaging statement is false. Ms. Bernstein settled her claims and left

Fox News because of severe mistreatment and abuse by Mr. O'Reilly, as he knows.

37.     Defendants Fox News and O'Reilly knew Ms. Bernstein's settlement was one

of the numerous examples of settlements entered in order to keep quiet O'Reilly's abuse of

women and the atmosphere at Fox which enabled such abuse. Despite this knowledge,

defendant Fox News issued a statement designed to disparage and defame Ms. Bernstein by

falsely claiming that she never complained about O'Reilly's abuse.

38.     In fact, Ms. Bernstein was never made aware of any "anonymous hotline"

because it did not exist in 2002. However, plaintiff did complain in person to Fox HR, Bill

Shine and other Fox executives about O'Reilly's abuse. Others at Fox confirmed Ms.

Bernstein's complaints. Fox News made deliberate and false claims that "no one

8

complained" in order to bolster the false statements of O'Reilly that all of O'Reilly's victims made up their claims.

39.     Defendants O'Reilly and Fox knew when they made their press statements that when O'Reilly and Fox News entered a settlement agreement with Witlieb to resolve her claims of abuse by defendant O'Reilly there was no "anonymous hotline" in existence.

40.     On October 23, 2017, defendant O'Reilly stated on his podcast (hypocritically called "No Spin News") and/or posted on his website the following false, disparaging and defamatory statements referring specifically to the settlements reached at Fox: "Smears in this country now . . . allegations are facts. No doubt about that. Papers don't check anything out, they just print whatever allegations they want to print. And it's devastating, and that brings me to the main point of this story. The New York Times knows that I cannot specifically refute anything. In 20 years, 6 months at the Fox News Channel, I resolved three situations. Three I resolved. And I did that to protect my children from harm. And I would do anything, anything to protect my children from harm. So it was three in 20 years and 6 months that I resolved. Part of the resolution is nobody talks about it. Now, obviously that's been broken on the other side. But I can't break it. Because if I do, that opens everything all up again and it's insane."

41.     On October 21, 2017 the New York Times reported that defendant O'Reilly was recorded on October 18, 2017 making the following false, disparaging and defamatory statement in a taped on-the-record interview with the New York Times: "I've been in the business for 43 years and I've never had a complaint filed by anyone at 12 different companies."

9

42.     On October 23, 2017 defendant O'Reilly stated on his podcast and/or posted on his website the following false, disparaging and defamatory statement: "The bottom line is that my enemies who want to silence me have made my life extremely difficult and have hurt me in the marketplace.  Anybody who doesn't like me will believe all the stuff the smear merchants put out, but I'm interested in you, I'm interested in people who are fair-minded."

43.     Defendant O'Reilly was specifically referring to plaintiff Bernstein in making these false and disparaging statements - she is one of the "situations" O'Reilly resolved in order to avoid a public trial where witnesses under oath would testify about his abusive behavior. Her settlement is falsely portrayed by defendant O'Reilly as based on lies which are part of a conspiracy designed to "smear" him and "hurt him in the marketplace."

44.     These statements were designed to disparage plaintiff by falsely stating that plaintiff never complained about O'Reilly's abuse, by claiming that O'Reilly did nothing wrong, by claiming that plaintiff is "smearing" him in order "to silence" him, and by claiming that plaintiff violated the Settlement Agreement.

45.     On October 23, 2017 defendant O'Reilly continued to spin false stories on his podcast and/or his website, falsely portraying himself as a victim, a truth teller, and an heroic father (while he is none of those things), by stating: "You know, am I mad at God?  Yeah, I'm mad at him. I wish I had more protection."  He went on to give advice which he has obviously and repeatedly ignored: "Never give up telling the truth.  Never give up protecting your family...... I'm going to go down fighting and I'm going to go down telling the truth."

46.     By disparaging plaintiff, defendants Fox News and O'Reilly breached the contract they entered with plaintiff in 2002.

47.     By making statements other than the statement agreed-upon, defendants Fox News and O'Reilly breached the contract they entered with plaintiff in 2002.

48.     As a direct and proximate result of the aforesaid breaches of contract, plaintiff has suffered and will continue to suffer damages to her reputation, severe emotional distress, physical sickness, and loss of income.

49.     Defendants O'Reilly and Fox are jointly and severally liable for the breach of contract.

## COUNT TWO

## (DEFAMATION)

50.     Plaintiff repeats and incorporates the allegations set forth above as if fully set forth herein.

51.     Defendants Fox News and O'Reilly willfully, recklessly and maliciously published the aforesaid statements of and concerning the plaintiff.

52.     Defendants Fox News and O'Reilly negligently published the aforesaid statements of and concerning the plaintiff.

53.     The aforesaid statements falsely portrayed the plaintiff as an extortionate liar who was never mistreated and who had never complained to Fox News about O'Reilly's abusive behavior.

54.     The aforesaid statements are defamatory because they expose plaintiff to public contempt, ridicule, aversion and/or disgrace.

55.     Defendants' defamatory statements are not protected by any privilege.

56.     Plaintiff is not a public figure.

11

57.     As a direct and proximate result of the aforesaid defamation, plaintiff has suffered and will continue to suffer damages to her reputation, severe emotional distress, physical sickness, and loss of income.

58.     Defendants O'Reilly and Fox News are jointly and severally liable for the breach of contract.

**COUNT THREE**

**(BREACH OF COVENANT OF GOOD FAITH
AND FAIR DEALING BY DEFENDANTS)**

59.     Plaintiff repeats and incorporates the allegations set forth above as if fully set forth herein.

60.     By and through the actions described above, defendants breached the implied covenant of good faith and fair dealing embodied by law in the Agreement.

61.     As a direct and proximate result of the aforesaid breach of the covenant of good faith and fair dealing, plaintiff has suffered and will continue to suffer damages to her reputation, severe emotional distress, physical sickness, and loss of income.

62.     Defendants O'Reilly and Fox are jointly and severally liable for the breach of contract.

**COUNT FOUR**

**(TORTIOUS INTERFERENCE BY O'REILLY)**

63.     Plaintiff repeats and incorporates the allegations set forth above as if fully set forth herein.

12

64.     By and through the actions described above, defendant O'Reilly tortiously interfered with the Agreement between Fox News and plaintiff.

65.     As a direct and proximate result of the aforesaid tortious interference, plaintiff has suffered and will continue to suffer damages to her reputation, severe emotional distress, physical sickness, and loss of income.

**WHEREFORE**, defendants are jointly and severally liable to the plaintiff for:

(a)     All damages recoverable for all causes of action released in the contract materially breached by defendants;

(b)     reputational damages;

(c)     economic damages;

(d)     damages for emotional harm and stress;

(e)     punitive damages;

(f)     attorneys' fees and costs of suit; and

(g)     Such other relief as the Court may deem equitable and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action on all claims that are triable by a jury.

**SMITH MULLIN, P.C.**

BY:_____

NEIL MULLIN
NANCY ERIKA SMITH (to be
admitted *pro hac vice*)
240 Claremont Avenue
Montclair, New Jersey 07042
(973) 783-7607; fax: (973) 783-9894

420 Lexington Avenue, Suite 300
New York, New York 10170
(212) 297-6134; fax: (917) 677-3697
(nmullin@smithmullin.com)
(nsmith@smithmullin.com)

Dated: December 4, 2017

14