# EXHIBIT A

## SEVERANCE AGREEMENT AND GENERAL RELEASE

1. **SEVERANCE AGREEMENT:** This writing represents the Severance Agreement and General Release ("Agreement") between Fox News Network L.L.C. (hereinafter referred to as "Fox"), and Rachel Wittlieb ("Wittlieb"), and the promises following represent full and mutual consideration for the Agreement.

2. **RECITALS:**

   a. Wittlieb's employment with Fox is terminated effective July 10, 2002; and

   b. Wittlieb and Fox desire to settle fully and finally all differences between them, including, but in no way limited to, any differences in any way related to Wittlieb's employment with Fox and the termination of the employment relationship.

3. **PROMISES OF FOX:**

   a. <u>Payment to Wittlieb</u>: In consideration for the promises entered into in this Agreement, Fox shall retain Wittlieb on its regular payroll for eighteen (18) consecutive months, i.e. through and including January 10, 2004, at her current weekly rate of $1,364.95, less deductions. Wittlieb shall also retain her current medical benefits through January 31, 2004 at Fox's expense. Effective February 1, 2004 Wittlieb shall be entitled to continue her health insurance coverage under COBRA at her sole cost and expense. It is understood and agreed that Fox is not liable for the apportionment of any of the settlement sum as between Wittlieb and any other person or entity. Wittlieb acknowledges and warrants that, except as explicitly provided in this Agreement, she is entitled to no additional payments of any type, including but not limited to wages, overtime, vacation, severance, or sick days, except that Wittlieb shall receive payment for eight (8) accrued but unused vacation days, at her current weekly rate, less deductions, through July 10, 2002.

   b. From July 10, 2002 through and including January 10, 2004, Wittlieb may continue to participate in Fox's 401K program in the same manner as she participated prior to July 10, 2002, and Fox shall continue to match funds during the period July 10, 2002 through and including January 10, 2004 in the same manner as it did prior to July 10, 2002.

   c. All payments referenced in paragraph 3a above will be direct-deposited into Wittlieb's account, including the vacation pay referenced in the last sentence of paragraph 3a. With regard to the retroactive payment due since July 10, 2002 and the eight (8) vacation days referenced in paragraph 3a above, said payments will be direct-deposited into Wittlieb's account within seven (7) business days of her signing and delivering this Agreement to Fox.

4. **PROMISES OF WITTLIEB:**

   a. <u>Released Actions General Release</u>: With the single exception described in paragraph 4(d), Wittlieb (on behalf of herself and all her heirs, assigns, legal

representatives, successors in interest, or any person claiming through her) releases Fox and its divisions, subsidiaries, parents and all other affiliated corporations, as well as all their current and former employees, officers, directors, agents, shareholders, attorneys, accountants, partners, insurers, advisors, partnerships, assigns, successors, heirs, predecessors in interest, joint venturers, and affiliated persons, including, without limitation, Household Inc. (collectively "Released Parties") from all liabilities, causes of actions, charges, complaints, suits, claims, obligations, costs, losses, damages, injuries, rights, judgments, attorney's fees, expenses, bonds, bills, penalties, fines, liens, and all other legal responsibilities of any form or nature whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent, which she has or had or may claim to have by reason of any and all matters from the beginning of time to the present (hereinafter 'Released Actions'), including but not limited to those arising from Wittlieb's employment and termination from Fox. Finally, Wittlieb acknowledges and warrants that she does not currently suffer from any work-related injuries, and that she is fully recovered from any previous work-related injuries she may have sustained during her employment. <u>In short, Wittlieb (on behalf of herself and the others described above) hereby knowingly and voluntarily releases any and all claims she has or may have against Fox and the other Released Parties, with the single exception discussed in paragraph 4(d) below.</u>

b.   <u>Knowing and Voluntary Discrimination Release</u>: Wittlieb is hereby advised to consult with her attorney carefully prior to signing this Agreement because she is permanently giving up significant legal rights. Wittlieb specifically intends to include, as a Released Action, any claims related to race, color, ancestry, national origin, sex, pregnancy, disability, medical condition, religion, age, sexual orientation, or marital status, discrimination in employment under Title VII of the 1964 Civil Rights Act, the Age Discrimination in Employment Act, as amended by the Older Workers' Benefit Protection Act of 1990 (the 'ADEA'), the New York Fair Employment and Housing Act, the New York Labor Code, the Equal Pay Act, the Americans with Disabilities Act, the Fair Labor Standards Act or any other law, regulation or ordinance that may have arisen before the effective date of this Agreement, including but not limited to those arising from Wittlieb's employment and termination from Fox. Wittlieb makes this inclusion knowingly and voluntarily, upon consultation and advice of Wittlieb's private legal counsel, and she has been given a reasonable amount of time to consider this Agreement.

c.   <u>Age Discrimination Employment Act of 1967</u>: Wittlieb hereby acknowledges that she understands that the preceding paragraph 4(b) brings about a release of any claim that he may now have based on the federal Age Discrimination in Employment Act, as amended by the Older Workers' Benefit Protection Act of 1990 (the 'ADEA'), and that the total amount described in paragraph 3(a) includes additional consideration paid by the Company (beyond that which would have otherwise been paid) in order to effect a valid waiver of her claims under the federal age discrimination laws. Wittlieb also acknowledges that she was given a reasonable time (a minimum of 21 days, if she chooses) to consider this Agreement

before she signed it. Should Wittlieb wish to revoke her release of such claims (based on the federal Age Discrimination in Employment Act), Wittlieb may do so for seven days following Wittlieb's signing of this Agreement. Nothing in this Agreement shall limit or restrict Wittlieb's right under the ADEA to challenge the validity of this Agreement in a court of law.

c. Pension Benefits: Wittlieb's signing of this Agreement will have no effect whatsoever on any rights she has or may have in the future to collect benefits under the Fox Inc. Pension Plan or the Fox Inc. 401k Plan. Any such benefits shall be payable (or not payable) in exactly the same manner, on exactly the same terms and under exactly the same conditions as though this Agreement had never been entered into.

d. Return of Property: Contemporaneously with the signing and delivery of this Agreement to Fox, Wittlieb agrees to return all Fox property in her custody, possession or control, including but not limited to any personal computers, computer disks, work files, memoranda, notes, records, videotapes of any kind, and other documents made or compiled by Wittlieb, or made available to her during the term of her employment. Wittlieb represents and warrants that with regard to said videotapes, Wittlieb has returned to Fox any and all videotapes of events which took place in Fox News studios and/or offices at 1211 Avenue of the Americas, New York, New York, and any and all copies thereof which she made or which she caused to be made by others (whether in VHS, Beta, Digital-S or any other format).

e. Assignment: Wittlieb shall make no assignment of any Released Actions, and Wittlieb represents that no such assignment has been made.

f. Indemnification: Wittlieb shall indemnify the Released Parties against any loss or liability whatsoever, including reasonable attorney's fees, caused by any action or proceeding which is brought by or on behalf of Wittlieb with respect to any Released Action.

5. PROMISES OF WITTLIEB AND FOX:

a. No Admission of Wrongdoing: Wittlieb and Fox agree that this Agreement is not to be construed as an admission, by either, of any wrongdoing, by either.

b. Full and Independent Knowledge: Wittlieb and Fox represent and agree that they have thoroughly discussed all aspects of this Agreement with their respective attorneys, that they have carefully read and fully understand all of the provisions of this Agreement, that they have been given a reasonable period of time to consider this Agreement, and that they are voluntarily entering into this Agreement.

d. Confidentiality: Wittlieb and Fox, and their respective legal counsel, and any other person acting on Wittlieb or Fox's behalf, or through either of them, shall not disclose to any person the contents of this Agreement or the facts or allegations that gave rise to this Agreement. If asked, each of Wittlieb and Fox and their respective

legal counsel may say only "The matter has been resolved (or settled)", without elaboration. Notwithstanding the foregoing, however, Wittlieb and Fox, and their respective counsel, shall not be prohibited from making such disclosures of these matters to any person who has a legal necessity to know (as, for example, in the case of a valid subpoena) and to their respective accountants, and in Wittlieb's case, to her immediate family, but in each such instance Fox and Wittlieb shall specifically make best efforts to prevent those persons from repeating those disclosures to any other person. Either Wittlieb or Fox's breach of this provision shall constitute a material breach of this Agreement

e. Supplemental Documentation: Wittlieb and Fox agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force to the basic terms and intent of this Release and which are not inconsistent with its terms.

f. Non-disparagement: Wittlieb and Fox each agree not to disparage, trade libel, or otherwise defame each other, and in the case of Fox, Wittlieb agrees not to disparage, trade libel, or otherwise defame its officers or employees, including, without limitation, Bill O'Reilly. In the case of Wittlieb, for purposes of this paragraph 5e, the term "Fox" shall mean the Released Parties referenced in paragraph 4a above, including Bill O'Reilly and said Released Parties agree not to disparage, trade libel, or otherwise defame Wittlieb.

6. CONSTRUCTION OF THIS AGREEMENT:

a. Choice of Law: This Agreement is to be construed pursuant to the substantive laws of the State of New York.

b. Invalid Agreement Provisions: Should any provision of this Agreement become or be held to be legally unenforceable, excepting only the release contained in paragraph 4(a), no other provision of this Agreement shall be affected, and this Agreement shall be construed as if the Agreement had never included the unenforceable provision.

c. No Other Agreements: This Agreement represents the full agreement between Wittlieb and Fox and this Agreement supersedes any other agreements, oral or written, regarding any Released Action or an appeal of a Released Action. In signing this Agreement, neither Wittlieb nor Fox rely upon any promise, representation of fact or law, or other inducement that is not expressed in this Agreement. This Agreement may be modified only by written agreement of Wittlieb and Fox and may not be modified by any oral agreement.

d. Practices Inconsistent with this Agreement: No provision of this Agreement shall be modified or construed by any practice that is inconsistent with such provision, and failure by either Wittlieb or Fox to comply with any provision, or to require any of the others to comply with any provision, shall not affect the rights of anyone to

thereafter comply or require the others to comply.

 e. Construction of Agreement: This Agreement is deemed to have been drafted jointly by Wittlieb and Fox. Any uncertainty or ambiguity shall not be construed for or against Wittlieb or Fox based on attribution of drafting to either.

 f. Contents of Agreement: This Agreement consists of five pages.

7. EFFECTIVE DATE OF THIS AGREEMENT: This Agreement shall be effective on the date signed by Wittlieb and Fox and if those signatures are on different dates, the effective date of this Agreement shall be the latter of those dates.

Dated: 9-9-02 : _____
         Rachel Wittlieb

Dated: 9/16/02 :

       Fox News Network L.L.C.

       By: _____ Jack Abernethy
       Title: E VP

5