# EXHIBIT B

## CONFIDENTIAL SETTLEMENT AGREEMENT

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made by and among Andrea Mackris ("Mackris"), Benedict P. Morelli ("Morelli"), Benedict P. Morelli & Associates P.C., including, without limitation, David Ratner, Esq. (the "Morelli Firm"), William O'Reilly ("O'Reilly"), and Fox News Network, L.L.C. ("Fox News"). It resolves all claims in the two pending actions, *Fox News Network, L.L.C. and William O'Reilly v. Andrea Mackris, Benedict P. Morelli, and Benedict P. Morelli & Associates P.C.*, Index No. 014087/04 (Supreme Court of the State of New York, Nassau County) and *Andrea Mackris v. Bill O'Reilly, News Corporation, Fox News Channel, Twentieth Century Fox, and Westwood One, Inc.*, Index No. 114558/04 (Supreme Court of the State of New York, New York County) (collectively, the "Actions"), and any and all claims that exist or may otherwise exist between and among the parties and/or their related persons from the beginning of time through the date of this Agreement. Although the signatories to this Agreement are limited to the foregoing parties, it also is made for the benefit of the other defendants in the Actions, specifically including The News Corporation Limited ("News Corporation"), Twentieth Century Fox Film Corporation ("Fox Film"), and Westwood One, Inc. ("Westwood One"), and/or their related persons (as defined below).

As used in this Agreement, the term "the Companies" includes Fox News, News Corporation, Fox Film and Westwood One. As used in this Agreement, the term "their related persons" includes and refers to any and all of the Companies' past or present corporate divisions, subsidiaries, parents and affiliates, their predecessors, successors or assigns, and all of their respective directors, officers, agents, attorneys, representatives and employees, whether as individuals or in their official capacity.

### RECITALS

WHEREAS, Mackris has asserted certain claims against O'Reilly and the Companies, and

WHEREAS, O'Reilly and Fox News have asserted certain claims against Mackris, Morelli, and the Morelli Firm; and

WHEREAS, all parties vigorously deny the respective claims asserted against them and all allegations of wrongdoing; and

WHEREAS, the parties mutually desire to resolve and settle all disputes among them and to avoid the time, expense and inconvenience of further litigation;

NOW, THEREFORE, with the intent to be legally bound hereby and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, IT IS HEREBY AGREED by and among the parties as follows:

1.  Withdrawal of Actions: The parties in the Actions shall immediately enter into a Stipulation of Discontinuance in each of the Actions pursuant to CPLR Rule 3217 to be filed with the Court to obtain dismissal of all claims alleged in the Actions *with prejudice* and without costs to any party, subject to the terms of this Agreement.  Attorneys for Fox News will promptly file the Stipulations of Discontinuance in the respective courts.

2.  Payments: O'Reilly and Mackris have entered into a separate, confidential agreement concerning payments to Mackris, which is hereby incorporated herein by reference.  Neither Fox News nor any of the Companies shall be liable for any payment under that confidential agreement or under this Agreement.

3.  Full Payment: Mackris acknowledges and agrees that the payments set forth in paragraph 2 of this Agreement shall constitute full, final and complete satisfaction and settlement of any claim she has or may have under the New York State Human Rights Law, N.Y. Exec. L. §§ 290 et seq., the New York City Human Rights Law, N.Y.C. Adm. Code, §§ 8-101, et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., or under any other federal, state or local law, or for breach of contract, tort, defamation or any other theory under federal, state and local common law against O'Reilly, his heirs, executors, representatives, assigns, agents, attorneys and any Company or entity that is owned or controlled by O'Reilly, and the Companies and/or their related persons as of the date of this Agreement, and shall include all elements of recovery permitted under such laws whether for back pay, front pay, liquidated damages, punitive damages, attorney's fees, expert witness fees, costs, or any other form of relief, and Mackris hereby expressly waives any and all such claims.  Mackris further agrees that she will make no further claims for recovery of money with any federal, state or local agency or court concerning O'Reilly or her employment with Fox News or the termination of that employment, or otherwise, or concerning her contractual relationship with Westwood One or the termination of that contract, and in particular, will assert no claim for recovery of attorney's fees, expert witness fees, or costs.

4.  Turnover of Materials:

(a)  Mackris, Morelli and the Morelli Firm expressly represent that they have turned over to O'Reilly, prior to the execution of this Agreement, a list ("List") of all Materials of any nature whatsoever, whether created, developed, possessed or recorded, in whole or in part, by any of them or in conjunction or association with any other person(s), or whether now in their possession, custody or control, or in the possession custody or control of such other person(s), other than copies of the pleadings in the Actions, any facts or allegations underlying the Actions, O'Reilly, or any conduct or actions by O'Reilly ("Materials").  For the purposes of this Agreement, the term "Materials" shall be defined to include, without limitation, the originals and any and all copies of any and all audio recordings, written materials (including transcripts, notes, diaries, calendars, memos, photographs, video recordings, digital recordings, letters and emails), computer files, backup tapes, and any and all other data compilations from which information can be obtained, including but not limited to any deleted Materials. Mackris, Morelli and the Morelli Firm further represent that any copies of any Materials that are on any computer equipment that cannot be turned over have been

permanently deleted. The term "Materials" shall specifically include, without limitation, any and all manuscripts of any works written by Mackris concerning or referring, in whole or in part, to any claims raised in the Actions, any facts or allegations underlying the Actions, O'Reilly, or any conduct or actions by O'Reilly.

(b)     Mackris, Morelli and the Morelli Firm expressly represent that the originals and all copies of any and all Materials, specifically including audiotapes, videotapes, and digital recordings, have been turned over to O'Reilly prior to the execution of this Agreement. Mackris, Morelli and the Morelli Firm further represent that none of them has retained the original or copy of any Material, in any form, and is not aware of the existence of any original or copy of any Material that is not being turned over under this Agreement. Mackris, Morelli and the Morelli Firm further represent that to the extent any of them has disclosed the existence or content of any Materials to any person or entity, such party shall ensure that such person or entity keeps the existence or content of such Material confidential. Mackris, Morelli and the Morelli Firm further represent that they have not given the original or any copy of any of the Materials to any other person or entity and have not allowed anyone else to make a copy of any of the Materials. It is expressly agreed that, should any Materials become public by any means including through third parties after the date of this Agreement, all parties will disclaim them as counterfeit or forgeries. It is further agreed that, should any Materials become public after the date of this Agreement by any means including through third parties, the amount of O'Reilly's actual loss due to such disclosure will be impossible or difficult to ascertain and, therefore, notwithstanding Paragraphs 9(a) and 9(c) hereto, O'Reilly shall be entitled to injunctive relief enjoining any such breach and specific performance, and, in addition to any damages to which O'Reilly is otherwise entitled, Mackris shall return all sums paid under this Agreement, forfeit any future payments due under this Agreement, disgorge to O'Reilly the value of any benefit earned or received as a result of such disclosure, and pay to O'Reilly all reasonable attorney's fees and costs incurred by O'Reilly in attempting to enforce this Agreement. Upon a finding by an arbitration panel or court of competent jurisdiction that Mackris did not breach this Paragraph 4, O'Reilly shall pay to Mackris all reasonable attorney's fees and costs incurred by Mackris in defending any action by O'Reilly for such alleged breach.

(c)     Fox News expressly represents that any materials regarding Mackris, Morelli or the Morelli Firm that are in the possession, custody and control of its private investigators, specifically including Bo Dietel ("Investigative Materials"), will be permanently deleted and/or destroyed prior to the execution of this Agreement. Fox News further represents that it has not retained the original or copy of any Investigative Material, in any form, and is not aware of the existence of any original or copy of any Investigative Material that is not being turned over under this Agreement. For the purposes of this Agreement, the term "Investigative Materials" shall be defined to include, without limitation, the originals and any and all copies of any and all audio recordings, written materials (including transcripts, notes, diaries, calendars, memos, photographs, video recordings, digital recordings, letters and emails), computer files, backup tapes, and any and all other data compilations from which information can be obtained. Any copies of any Investigative Materials that are on any computer equipment that cannot be turned over will be permanently deleted. It is further agreed that any breach of this Paragraph 4(c) does not relieve any other party of any of its

obligations under this Agreement. It is further agreed that, should any Investigative Materials become public after the date of this Agreement by any means including through third parties, the amount of actual loss incurred by the other parties hereto due to such disclosure will be impossible or difficult to ascertain and, therefore, notwithstanding Paragraphs 9(a) and 9(c) hereto, the non-breaching parties shall be entitled to injunctive relief enjoining any such breach and specific performance, and, unless otherwise provided herein, the non-breaching shall be entitled to recover from only Fox News their damages, if any, plus all reasonable attorney's fees and costs incurred in enforcing the terms of this Paragraph 4(c).

5.    Waiver and Release:

(a)    (1) In exchange for the promises made by O'Reilly and Fox News to Mackris, Morelli and the Morelli Firm in this Agreement, and as a material inducement for such promises, and for other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, Mackris, Morelli and the Morelli Firm and their heirs, executors, representatives, assigns, agents and any related entities each hereby **WAIVES, RELEASES** and **FOREVER DISCHARGES** O'Reilly, his heirs, executors, representatives, assigns, agents, attorneys, and any company or other entity that is owned or controlled by O'Reilly, and the Companies and/or their related persons from any and all claims, rights and liabilities of every kind, whether or not Mackris, Morelli and the Morelli Firm now know them to exist, which she, he, it or they ever had or may have had from the beginning of the world until the date of the execution of this Agreement, provided that this release includes media interviews or investigatory interviews that predate the execution of this Agreement but which are not published, publicized, or made known until after the date of execution. This **WAIVER** and **RELEASE** includes, but is not limited to, any claim for unlawful discrimination or retaliation under the New York State Human Rights Law, N.Y. Exec. L. §§ 290 et seq., the New York City Human Rights Law, N.Y.C. Adm. Code, §§ 8-101, et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., for any violation of any other federal, state or local constitution, statute, rule, regulation or ordinance, and for breach of contract, wrongful discharge, defamation, tort or other civil wrong. To the fullest extent permitted by law, Mackris, Morelli and the Morelli Firm each **PROMISE NOT TO SUE** or bring any charges, complaints or lawsuits related to the claims she, he, it and they are waiving by this Agreement against O'Reilly, his heirs, executors, representatives, assigns, agents, attorneys, and any company or other entity that is owned or controlled by O'Reilly, and the Companies and/or their related persons in the future, individually or as a member of a class, and Mackris, Morelli and the Morelli Firm will immediately withdraw with prejudice any such charges, complaints and lawsuits that she, he, it or they began before signing this Agreement.

(2) In exchange for the promises made by Mackris, Morelli, and the Morelli Firm to O'Reilly and Fox News in this Agreement, and as a material inducement for such promises, O'Reilly and Fox News hereby **WAIVE, RELEASE** and **FOREVER DISCHARGE** Mackris, Morelli, and the Morelli Firm, their heirs, executors, and assigns, from any and all claims, rights and liabilities of every kind, whether or not O'Reilly and Fox News now know them to exist, which O'Reilly and Fox News ever had or may have had from the beginning of the world until the date of the execution of this Agreement, provided that this release includes media interviews or investigatory interviews that predate the execution of this Agreement but

which are not published, publicized, or made known until after the date of execution. To the fullest extent permitted by law, O'Reilly and Fox News each **PROMISE NOT TO SUE** or bring any charges, complaints or lawsuits related to the claims they are waiving by this Agreement against Mackris, Morelli and the Morelli Firm, their heirs, executors and assigns, and will immediately withdraw with prejudice any such charges, complaints and lawsuits that they began before signing this Agreement. Fox News represents that News Corporation and Fox Film are bound by the waiver, release and promise not to sue in this Paragraph 5.

(b)     This **WAIVER, RELEASE** and **PROMISE NOT TO SUE** is binding on the heirs, executors, legal representatives and assigns of the individual parties hereto.

6.     No Other Claims:  Each party represents that, other than the Actions, such party has not filed any complaint or charge against any other party and/or their related persons with any local, state or federal agency or court, and that, to the fullest extent permitted by law, such party will not do so at any time hereafter for any claims which relate to or concern in any way any claims raised in the Actions, any facts or allegations underlying the Actions, O'Reilly, or any conduct or actions by O'Reilly.

7.     Confidentiality; Non-Disparagement:

(a)     Strict and complete confidentiality is the essence of this agreement.  The parties agree that the nature and terms of this settlement and Agreement, including the existence of this Agreement and the fact and amount of any payments **are to remain completely confidential.**  No party or agent or representative or attorney for a party shall talk about, write about, publicize, make available or otherwise disclose, directly or indirectly, by expression, implication or inference, any information concerning this Agreement, the terms of this Agreement or the existence of this Agreement, or the discussions, communication, correspondence or negotiations had in connection with it, to any person or entity without the prior written consent of the other parties, except that Mackris and O'Reilly may disclose such information on a need to know basis to their respective attorneys, accountants or governmental tax authorities, provided that, in the event of such disclosure, they shall direct their attorneys or accountants, as the case may be, and to the extent possible, governmental authorities, to honor this covenant of confidentiality.  Fox News represents that News Corporation and Fox Film are bound by the obligations of confidentiality in this Agreement.

(b)     Mackris, Morelli, and the Morelli Firm (including David Ratner and any attorney, paralegal, secretary or other employee or agent of the Morelli Firm) each agree that they will not talk about, write about, publicize, make available or otherwise disclose any information concerning any  claims in the Actions, any facts or allegations underlying the Actions, O'Reilly or any conduct or actions by O'Reilly, or the existence or contents of any of the Materials.  This obligation specifically bars Mackris, Morelli and the Morelli Firm (including David Ratner and any attorney, paralegal, secretary or other employee or agent of the Morelli Firm) from publishing, or causing to be or allowing to be published or assisting in any way with publishing, whether orally, in writing or electronically, any interview, article, book or other document, whether fiction or non-fiction, which, in whole or in part, discloses or relates directly or indirectly to any of the claims or allegations in the Actions, any of the

facts underlying the Actions, O'Reilly, or any conduct or actions by O'Reilly, or the existence or contents of any of the Materials. In furtherance of this undertaking, Morelli and the Morelli Firm will not refer to this matter, O'Reilly, Mackris, the Agreement, or the Actions in any way, directly or indirectly, in any media expressly including their promotional materials (including their respective websites).

(c)     This Agreement, its terms, any Materials and any information restricted by this Paragraph 7, or any of the foregoing shall not be offered, introduced, used or considered as evidence in any judicial, administrative or other proceeding, except to the extent necessary to enforce the terms of this Agreement or in connection with a dispute with governmental tax authorities as to the taxability of payments made. If any party receives a subpoena or other legal process concerning the settlement, this Agreement, its terms, any Material or any information restricted by this Agreement or the matters alleged in the Actions, it shall promptly notify all other parties in writing and not respond to the subpoena or legal process until the other parties have had the opportunity to oppose such subpoena or legal process.

(d)     No party will disparage, denigrate or defame any other party and/or persons related to the other parties, or any of their business products or services.

(e)     No party or representative of a party (including attorneys) will make or issue any statement concerning this Agreement, the resolution of the Actions, any claims raised in the Actions, any facts or allegations underlying the Actions, O'Reilly, or any conduct or actions by O'Reilly, or the existence or contents of any Materials, other than the press release which is attached hereto as Exhibit A and any such other statements as all the parties may agree to in writing. Mackris, Morelli and the Morelli Firm agree that none of them will appear on any television, cable, satellite, radio or internet program, or any other form of media, and discuss or talk about, in any manner, this Agreement, the resolution of the Actions, any claims raised in the Actions, any facts or allegations underlying the Actions, O'Reilly or any conduct or actions by O'Reilly, or the existence or contents of any Materials. O'Reilly may make a public statement on his Fox News Channel program, "The O'Reilly Factor," or his radio show that is consistent with the agreed statement. Mackris, Morelli and the Morelli Firm acknowledge and agree that should any of them make any other statement, whether orally, in writing or electronically, or in any manner inform any person or entity of the contents of this Agreement, they agree that they will be subject to subsection (f) of this Paragraph 7.

(f)     Mackris, Morelli and the Morelli Firm acknowledge that the requirement of confidentiality is the most material inducement to O'Reilly and Fox News to enter into this Agreement. Mackris, Morelli and the Morelli Firm acknowledge that the damages to O'Reilly resulting from any breach of this Paragraph 7 or any subsection thereof will be impossible or difficult to ascertain, and Mackris, Morelli and the Morelli Firm expressly agree that in the event of such breach, and notwithstanding Paragraphs 9(a) and 9(c) hereto, O'Reilly shall be entitled to injunctive relief enjoining any such breach, specific performance of this Paragraph 7, and, upon a finding by an arbitration panel or court of competent jurisdiction of breach of this Agreement, it shall be presumed that such breach caused damages to O'Reilly and Fox News, O'Reilly and Fox News shall be entitled to recover such

damages and, in addition to any other relief to which O'Reilly and Fox News are entitled by law, Mackris shall return to O'Reilly any payments made under this Agreement, shall forfeit any future payments due under this Agreement, shall disgorge to O'Reilly the value of any benefit earned or received as a result of breach of this Paragraph 7, and shall pay to O'Reilly all reasonable attorney's fees and costs, including forum fees, incurred by O'Reilly in attempting to enforce this Agreement.  Upon a finding by an arbitration panel or court of competent jurisdiction that Mackris did not breach this Paragraph 7, O'Reilly shall pay to Mackris all reasonable attorney's fees and costs, including forum fees, incurred by Mackris in defending any action by O'Reilly for such alleged breach.

(g)     Given the parties' desire to put an end to the issues raised in the Actions, Andrea Mackris (i) warrants and represents that, except as required by law, she will not assist or cooperate with any other parties or attorneys in any action against O'Reilly, Fox News or the Companies arising out of actual or alleged sexual harassment issues, nor will she encourage any other parties or attorneys to commence such action or proceeding, and (ii) waives the conflict of interest in O'Reilly's retention of the Morelli Firm to provide legal advice regarding sexual harassment matters.

(h)     As an inducement to O'Reilly and Fox News to enter into this Agreement, and as a material condition thereof, the Morelli Firm (i) agrees to provide legal advice to O'Reilly regarding sexual harassment matters, and (ii) warrants and represents to O'Reilly and Fox News that it will not, and will not knowingly permit any of its employees, agents or representatives to represent, assist or cooperate with any other parties or attorneys in any action against O'Reilly, Fox News or the Companies arising out of actual or alleged sexual harassment issues, nor will they encourage any other parties or attorneys to commence any such action or proceeding.  To the extent that this warranty and representation is, or has been held by a court of competent jurisdiction to be invalid, void or in violation of DR 2-108(B) of the New York Code of Professional Responsibility, Model Rule 5.6(b) of the ABA Model Rules of Professional Conduct of any other professional code or rule governing attorney conduct, all other terms of this Agreement shall remain valid and binding.  As an inducement to the Morelli Firm to enter into this Agreement, and as a material condition thereof, O'Reilly (i) has agreed to waive any and all actual or alleged conflicts of interest that may arise from Mackris' retention of the Morelli Firm to enforce the terms of this Agreement, and (ii) has agreed not to seek to disqualify the Morelli Firm in any proceeding to enforce the terms of this Agreement.

8.     Termination of Employment: Mackris agrees and acknowledges that her employment with Fox News is terminated, by her voluntary resignation, effective as of October 28, 2004 (the "Effective Date") and agrees that she will not apply for or seek re-employment with the Companies and/or their related persons after the Effective Date.  Fox News agrees that it will extend to Mackris its usual and customary practices of paying out to her the equivalent of her accrued and unpaid vacation time through the Effective Date and of providing her with the option to continue her group health care coverage after that date, at her own expense, pursuant to her rights under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").  Mackris further agrees and acknowledges that her contractual

relationship with Westwood One is terminated, effective as of October 28, 2004, and she will not seek employment or re-engagement with Westwood One after that date.

9.    Governing Law; Jurisdiction; Dispute Resolution: (a) This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of New York, without regard to its conflicts of law principles. Any action arising out of or relating to this Agreement must only be brought and prosecuted before an arbitration panel in New York selected by and in accordance with the rules of the American Arbitration Association to the extent modified herein. All parties agree that any such arbitration will be held in accordance with the Federal Rules of Evidence, that the arbitrators shall issue a full opinion setting forth their decision and the reasons therefore, and that the standard of review in an action to confirm, modify or vacate an award shall be the standard that would be applied by the United States Court of Appeals for the Second Circuit had this case been brought as a civil action in the United States District Court for the Southern District of New York. All parties agree that any such arbitration proceedings will be held in strict confidence and that any filings, Materials, evidence or testimony in or concerning such arbitration and any opinion in such proceedings shall be and shall remain confidential and that breach of such confidentiality shall be considered a breach under Paragraph 7(f) hereto. All parties further agree that the arbitrators shall award reasonable attorney's fees, costs and expenses to any prevailing party or parties in such arbitration. If any recourse to the courts must be had in connection with the arbitration, all parties agree that such action will be brought only in the Supreme Court of the State of New York or the United States District Court for the Southern District of New York, and consent to the jurisdiction and venue of thereof, and agree that they will seek the filing under seal of all papers filed in such action, and consent thereto, and will not undertake to publicize the action in any way.

(b)    Mackris, Morelli and the Morelli Firm further acknowledge that any violation of any confidentiality provision in this Agreement or any disclosure of any of the Materials would impair O'Reilly's good will that he has developed at great time, cost and expense and would cause him to suffer irreparable harm for which they would have no adequate remedy at law. Mackris, Morelli and the Morelli Firm therefore agree that, notwithstanding Paragraphs 9(a) and 9(c) hereto, O'Reilly will be entitled to a temporary restraining order and/or temporary or permanent injunction preventing them from violating the provisions of this Agreement. Mackris, Morelli and the Morelli Firm hereby submit to the jurisdiction of the Supreme Court of the State of New York, and the United States District Court for the Southern District of New York, for the purpose of such enforcement and they waive, and agree not to assert, as a defense in any such action or proceeding, that any of them is not subject to the personal jurisdiction of any such court or that venue is improper for lack of residence, inconvenient forum or otherwise. Mackris, Morelli and the Morelli Firm also agree that service of process (the method by which they may be served with any such court papers) may be made by certified mail at their respective addresses last known to O'Reilly. Nothing in this provision shall limit any other rights and remedies O'Reilly may have at any time against Mackris, Morelli and the Morelli Firm, whether by law or under this Agreement. Mackris, Morelli and the Morelli Firm agree to pay any costs and expenses, including reasonable attorneys' fees, incurred by O'Reilly in attempting to enforce his rights and their obligations under this Agreement.

(c)      Except in circumstances where injunctive or other emergency relief is sought, the parties agree that any dispute arising out of or relating to this Agreement must first be submitted for mediation by Marc Kasowitz (or another mutually agreed mediator) before a party may commence an arbitration or court proceeding. The costs of the mediation will be shared equally.

10.      No Other Assurances:  The parties acknowledge that in deciding to sign this Agreement they have not relied on any promises, statements, representations or commitments, whether spoken or in writing, made by any other party, representative of a party, or any other person, except for what is expressly stated in this Agreement.  This Agreement constitutes the entire understanding and agreement between the parties, and replaces and cancels all previous agreements and commitments, whether spoken or written, in connection with the matters described.

11.      Modification in Writing:  No oral agreement, statement, promise, commitment or representation shall alter or terminate the provisions of this Agreement.  This Agreement cannot be changed or modified except by written agreement signed by authorized representatives of all signatories to this Agreement.

12.      No Admission of Liability:  This Agreement does not constitute an admission of: (a) any unlawful acts or liability of any kind by O'Reilly, any company or other entity that is owned or controlled by O'Reilly, or the Companies and/or their related persons, or anyone acting under their supervision or on their behalf; or (b) any unlawful acts or liability of any kind by Mackris, Morelli or the Morelli Firm.  This Agreement may not be used or introduced as evidence in any legal proceeding, except to enforce its terms.

13.      Severability:  If any term, provision, covenant or restriction contained in this Agreement, or any part thereof, is held by an arbitration panel or court of competent jurisdiction or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel to be invalid, void, unenforceable or against public policy for any reason, the remainder of the terms, provisions, covenants and restrictions of this Agreement shall remain in full force and effect.

14.      Collective Preparation:  The language of all parts of the provisions of this Agreement shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the parties.  The parties agree that, in consultation with their attorneys, they have collectively and collaboratively prepared and approved the language of the provisions of this Agreement and that should any dispute arise concerning the interpretation of any provision hereof, no party shall be deemed the drafter nor shall any such language be presumptively construed in favor of or against any party.

15.    Mackris Acknowledgment: I, Andrea Mackris, acknowledge that I was advised to and had the opportunity to consult with attorneys of my choosing regarding my rights and obligations in connection with the Actions and this Agreement, that I have been advised by my counsel concerning any conflict of interest, whether potential or actual, between myself on the one hand and Morelli and/or the Morelli Firm on the other, due to Morelli and the Morelli Firm having been named as parties to one or more of the Actions, that I consent to representation by Morelli and the Morelli Firm in connection with the settlement of the Actions and this Agreement, and I hereby waive any objections I may have to this Agreement on the grounds of any such conflict of interest.  I further acknowledge that I have carefully read and considered this Agreement; that I have been given the opportunity to review this Agreement with attorneys of my choosing; that I understand that by signing this Agreement I release legal claims and waive certain rights; and that I freely and voluntarily consent to all terms of this Agreement with full understanding of what they mean.

16.    O'Reilly Acknowledgment: I, William O'Reilly, acknowledge that I have carefully read and considered this Agreement; that I have been given the opportunity to review this Agreement with attorneys of my choosing; that I understand that by signing this Agreement I release legal claims and waive certain rights; and that I freely and voluntarily consent to all terms of this Agreement with full understanding of what they mean.

Dated: New York, New York
       October 28, 2004


_____          _____
Andrea Mackris                             William O'Reilly


_____          _____
Benedict P. Morelli, individually and for   An Authorized Representative of
Benedict P. Morelli & Associates, P.C       Fox News Network, L.L.C.

**ACKNOWLEDGMENT**

STATE OF NEW YORK   )
                         ) ss.:
COUNTY OF NEW YORK  )


On this 28th day of October, 2004, before me personally came William O'Reilly to me known and known to me to be the individual described in, and who executed the foregoing, **SETTLEMENT AGREEMENT AND GENERAL RELEASE** and duly acknowledged to me that he executed the same.


_Fredric S. Newman_
Notary Public

    FREDRIC S. NEWMAN
Notary Public, State of New York
     No. 02NE5072568
  Qualified in New York County
Commission Expires February 3, 2007

-12-

**ACKNOWLEDGMENT**

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )


On this _28th_ day of October, 2004, before me personally came Andrea Mackris to me known and known to me to be the individual described in, and who executed the foregoing, **SETTLEMENT AGREEMENT AND GENERAL RELEASE** and duly acknowledged to me that she executed the same.


_Frederic S. Newman_
Notary Public
No. 02NE5072568
Qualified in N.Y. County
Commission Expires February 3, 2007

–12–

<u>Exhibit A</u>

The Parties regret that this matter has caused tremendous pain, and they have agreed to settle.  All cases and claims have been withdrawn, and all Parties have agreed that there was no wrongdoing whatsoever by Mr. O'Reilly, Ms. Mackris, or Ms. Mackris' counsel, Benedict P. Morelli & Associates.  We now withdraw any assertion that any extortion by Ms. Mackris, Mr. Morelli, or Morelli & Associates occurred.  Out of respect for their families and privacy, all Parties and their representatives have agreed that all information relating to the cases shall remain confidential.

AFFIRMATION

John Houston Pope, an attorney duly admitted in New York, affirms under penalty of perjury:

I will cause the Investigative Materials as defined in paragraph 4(c) of the Confidential Settlement Agreement to be permanently deleted and/or destroyed no later than 6 pm, October 29, 2004.

Dated: New York, N.Y.
October 28, 2004

**Brandi, Dianne**

To:            jhpope@ebglaw.com
Subject:      authorized rep

10/28/04

Dear John,

This confirms that you are an authorized representative of Fox News Network L.L.C. and can sign the Settlement Agreement in the O'Reilly/Mackris matter on behalf of Fox News Network L.L.C.

Thank you,

Dianne Brandi
Vice President
Fox News

1

# EXHIBIT C

## AMENDMENT TO CONFIDENTIAL SETTLEMENT AGREEMENT

THIS AMENDMENT ("Amendment") is made by and among Andrea Mackris ("Mackris"), Benedict P. Morelli ("Morelli"), Morelli Ratner P.C., formerly known as Benedict P. Morelli & Associates P.C. including, without limitation, David Ratner, Esq. (the "Morelli Firm"), William O'Reilly ("O'Reilly"), and Fox News Network. L.L.C. ("Fox News").

WHEREAS, the above-mentioned parties are parties to a Confidential Settlement Agreement dated October 28, 2004 ("the October 2004 Agreement"); and

WHEREAS, O'Reilly and Fox News have claimed that Mackris, Morelli and the Morelli Firm have breached the October 2004 Agreement; and

WHEREAS, the parties have engaged in extensive mediation proceedings before Marc Kasowitz as required by the October 2004 Agreement and mutually desire to resolve and settle all disputes among them and to avoid the time, expense and inconvenience of litigation;

NOW, THEREFORE, with the intent to be legally bound hereby and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, IT IS HEREBY AGREED by and among the parties as follows:

1.  O'Reilly and Fox News hereby settle, release and waive all alleged breaches of the October 2004 Agreement asserted in the written demand for mediation dated July 18, 2007, sent by Fredric Newman to Mr. Kasowitz, and the written demand for mediation dated July 17, 2007, sent by Ron Green to Mr. Kasowitz, and further state that they are not aware of any other breach of the agreement.

2.  Morelli and the Morelli Firm will not represent Rudi Bakhtiar in connection with her claims against Fox News for alleged sexual harassment and retaliation, either formally in litigation or informally in any negotiation or alternative dispute resolution process.

3.  To avoid future disputes, Morelli and the Morelli Firm agree that they will not represent any person at any time in any action or proceeding against Fox News (or "the Companies" and their "related persons" as defined in the October 2004 Agreement) arising out of actual or alleged sexual harassment issues.

4.  Paragraph 7(f) is hereby amended to add the following two sentences at the end of the paragraph: "In addition, in the event that an arbitration panel or court of competent jurisdiction finds that Morelli or the Morelli Firm has breached any obligation to O'Reilly under this Agreement after November 7, 2007, Morelli

and the Morelli Firm shall pay $100,000 to O'Reilly for each such breach.  Any payment under the preceding sentence shall not reduce or otherwise limit the availability of damages or other relief provided to O'Reilly under this Agreement or by law."

  5.  Strict and complete confidentiality is the essence of this Amendment, and the Confidentiality provisions of the October 2004 Agreement are expressly reaffirmed.  To the extent not expressly amended, the parties hereby incorporate by reference, and agree to continue to be bound by, all terms and conditions of the October 2004 Agreement, including but not limited to its provisions regarding confidentiality.

  6.  This Amendment may be executed in counterparts and delivered by electronic mail in ".pdf" or similar format.

Dated: New York, New York
  November 7, 2007



Andrea Mackris
_____
Benedict P. Morelli, individually and
for Morelli Ratner P.C.

Williom O'Reilly
_____
William O'Reilly   by   Fredric S. Newman
          atty-in-fact

_____
An Authorized Representative of
Fox News Network, L.L.C.

2

# EXHIBIT D

## CONFIDENTIAL SETTLEMENT AND MUTUAL RELEASE AGREEMENT

THIS CONFIDENTIAL SETTLEMENT AND MUTUAL RELEASE AGREEMENT (the "Agreement") is entered into between Rebecca Diamond ("Diamond") on the one hand and Fox News Network, L.L.C. ("Fox News") and William O'Reilly ("O'Reilly") on the other. Diamond, O'Reilly and Fox News shall collectively be referred to as the "Parties." The law firms of Cuti Hecker Wang LLP and Allred Maroko & Goldberg (collectively "Diamond's Counsel") are parties to the confidentiality provisions of Paragraph 4 and the provisions of Paragraphs 6 and 7. The law firms of Hoguet Newman Regal & Kenney LLP and Epstein Becker Green PC (collectively "Defense Counsel") are parties to the confidentiality provisions of Paragraph 4 and the provisions of Paragraph 7.

WHEREAS, Diamond was employed by Fox News from September 1996 through February 2000 and from February 2003 through May 2011;

WHEREAS, Diamond alleges claims related to unlawful termination, pregnancy discrimination, hostile environment sexual harassment, *quid pro quo* sexual harassment, sex discrimination and retaliation (collectively the "Claims");

WHEREAS, Diamond's Counsel sent a demand letter to Fox News dated June 24, 2011, detailing certain allegations concerning the Claims (the "Demand Letter");

WHEREAS, on July 26, 2011, Diamond, O'Reilly and Fox News conducted a JAMS mediation in New York City to resolve their disputes;

WHEREAS, at the JAMS mediation, the Parties settled and resolved their disputes, and any and all other disputes, whether known or unknown, without any admission of liability or wrongdoing on anyone's part;

NOW, THEREFORE, in consideration of the foregoing premises and the mutual covenants and promises set forth below and with the intention to be legally bound thereby, the Parties, Diamond's Counsel for Paragraphs 4, 6 and 7, and Defense Counsel for Paragraphs 4 and 7 voluntarily agree as follows:

## 1.    CONSIDERATION AND PAYMENT

1.1    O'Reilly shall pay Diamond the gross sum of Three Million Two Hundred Fifty Thousand Dollars ($3,250,000) according to the following schedule:

(a)    Within 10 days after the respective counsel for O'Reilly and Fox News receive the original Agreement as executed by Diamond, and Diamond's Counsel, Cuti Hecker Wang LLP and Allred Maroko & Goldberg, O'Reilly's counsel will deliver a check to Mariann Meier Wang, Esq. of Cuti Hecker Wang LLP, payable to Rebecca Diamond in the gross sum of One Million Two Hundred Thousand Dollars ($1,200,000). Such payment to Diamond will be reported to the appropriate taxing authorities on a 1099 Form issued to Diamond. At the same time, O'Reilly's counsel will deliver to Mariann Meier Wang a check made payable to Cuti Hecker Wang LLP, Tax Identification No. 27-4359875, in the amount of Six Hundred Fifty Thousand Dollars ($650,000), and to Nathan Goldberg a check payable to Allred Maroko &

Goldberg, Tax Identification No. 95-3753066 also in the amount of Six Hundred Fifty Thousand Dollars ($650,000). At the same time, Fox News shall issue a check payable to Cuti Hecker Wang LLP in the amount of $4,534.34, covering the costs of the mediation as already paid to JAMS on behalf of Diamond. Such payments for attorneys' fees connected with the representation of Diamond shall be reported to the appropriate taxing authorities on 1099 Forms issued to Cuti Hecker Wang LLP and Allred Maroko & Goldberg, respectively.

(b)   On or before each of the first, second and third anniversaries of the execution of this Agreement, O'Reilly shall forward a check to Mariann Meier Wang payable to Diamond in the amount of Two Hundred Fifty Thousand Dollars ($250,000). These three installment payments will be reported to the appropriate taxing authorities on a Form 1099 issued to Diamond.

1.2   O'Reilly and Fox News make no warranties or representations regarding the tax implications of the payments referenced in Paragraph 1.1 above. In the event any taxing authority deems such payments to be taxable, in whole or in part, Diamond or her counsel as the case may be shall be solely responsible for the payment of all such taxes and shall indemnify O'Reilly in the event any taxing authority seeks payment from him for such taxes and shall indemnify him for any reasonable attorneys' fees and expenses connected with any taxing authority's claims.

1.3   Except for the payments provided in this Paragraph, which Diamond is receiving in exchange for signing and abiding by the provisions of this Agreement, Diamond acknowledges and agrees that she is entitled to no other compensation, payments or benefits from O'Reilly or Fox News of any kind or nature whatsoever.

2.   **MUTUAL RELEASES**

2.1   In consideration of the covenants undertaken herein by O'Reilly and Fox News, and for other good and valuable consideration, Diamond hereby releases, discharges, and covenants not to sue O'Reilly, Fox News, Fox News' parent company, its affiliated companies, or any of their present or former employees, directors, officers, attorneys, heirs, executors, representatives, insurers, agents, successors and assigns (collectively "the Releasees"), with respect to any and all actions, causes of action, lawsuits, claims, charges, complaints, liabilities, attorneys' fees, costs and demands whatsoever, whether known or unknown, from the beginning of time to the date of this Agreement. Claims being released include specifically, by way of description, but not by way of limitation, any and all claims arising out of or in any way related to: (a) Diamond's employment with Fox News and/or the termination of her employment including, without limitation, any claims for additional compensation or benefits due; (b) any claims under any federal, state or local law, constitution, statute, rule, regulation or ordinance prohibiting harassment or discrimination on the basis of sex, age, race, national origin, religion, disability, marital status, sexual orientation, citizenship or any other classification protected by law or prohibiting retaliation including, without limitation, claims under Title VII of the Civil Rights Act, the New York State Human Rights Law, the New York City Human Rights Law, and the Age Discrimination in Employment Act ("ADEA"); (c) any other claims under any other federal, state or local law, constitution, statute, rule, regulation or ordinance; (d) any common law claims such as breach of contract or tort claims including, but not limited to, wrongful

- 2 -

discharge and intentional infliction of emotional distress; (e) the Claims; and (f) any transactions, occurrences, acts, statements, disclosures, or omissions occurring prior to the date of this Agreement. Nothing in this Paragraph shall prevent Diamond from commencing a proceeding to enforce this Agreement or exercising her right under the Older Workers Benefit Protection Act ("OWBPA") to challenge the validity of her waiver of ADEA claims herein.

2.2    In consideration of the releases and covenants undertaken in this Agreement by Diamond, and for other good and valuable consideration, O'Reilly and Fox News hereby release, discharge, and covenant not to sue Diamond with respect to any and all actions, causes of action, lawsuits, claims, charges, complaints, liabilities, attorneys' fees, costs and demands whatsoever, whether known or unknown, from the beginning of time to the date of this Agreement. Claims being released include specifically, by way of description, but not by way of limitation, any and all claims arising out of or in any way related to: (a) Diamond's employment with Fox News and/or the termination of her employment; (b) any claims arising under any federal, state or local law, constitution, statute, rule, regulation or ordinance; (c) any common law claims such as breach of contract and tort claims; (d) any transactions, occurrences, acts, statements, disclosures, or omissions occurring prior to the date of this Agreement; and (e) repayment of Diamond's outstanding loan from O'Reilly. Nothing in this paragraph shall prevent O'Reilly or Fox News from commencing a proceeding to enforce this Agreement.

2.3    The Parties acknowledge that they may hereafter discover claims or facts in addition to or different from those which they now know or believe to exist with respect to the subject matter of this Agreement and which, if known or suspected at the time of executing this Agreement, may have materially affected this settlement. Nevertheless, the Parties hereby waive any right, claim or cause of action that might arise as a result of such different or additional claims or facts.

2.4    The Parties represent and warrant that they have not filed any other complaints, charges, claims, lawsuits, or other legal actions with any court, government agency or other forum relating to any claims being released by them in this Agreement. Subject to the EEOC Enforcement Guidance on Non-Waivable Employee Rights under EEOC-Enforced Statutes, dated April 11, 1997, and to the fullest extent otherwise permitted by law, the Parties represent and warrant that they will not file any complaints, claims, lawsuits, or other legal actions at any time hereafter derived from such released claims.

2.5    The Parties represent and warrant that they have not assigned or transferred to any person not a party to this Agreement any released matter or any part or portion thereof.

- 3 -

3.    NON-ADMISSION

Neither this Agreement, nor anything contained in it, shall constitute an admission by O'Reilly, Fox News or any of the Releasees set forth in Paragraph 2.1, or may be used as evidence of any liability or wrongdoing whatsoever. This Agreement shall not be introduced in any proceeding, except to enforce this Agreement or to defend against any claim relating to the subject matter of the release contained herein or as required by court order, subpoena or other legal process.

4.    CONFIDENTIALITY

4.1    The Parties, Diamond's Counsel and Defense Counsel acknowledge and agree that secrecy is the essence of this Agreement and, accordingly, they agree to maintain in the strictest confidence and in the case of Diamond's Counsel and Defense Counsel to put into place protections to ensure the strictest confidence of all information and materials related to this Agreement, including but not limited to the Demand Letter, the Claims, any defenses or facts gathered to support arguments made in response to the Claims, all facts concerning any past personal or social relationship between Diamond and O'Reilly, the JAMS mediation, the existence of this Agreement, this Agreement itself and all of its terms, and the Personal Materials defined in subparagraph 4.2 below (together, the "Confidential Information"). Diamond may disclose the amounts of the payments under this Agreement only to her tax advisors provided that she first obtains a written undertaking of strict confidentiality from such advisors. Except as provided in the preceding sentence, the Parties, Diamond's Counsel and Defense Counsel will not use, discuss, publicize, make available or otherwise disclose, directly or indirectly, by expression, implication or inference, any Confidential Information. Diamond represents that she has not disclosed the terms of this Agreement to anyone other than her husband prior to executing this Agreement. O'Reilly represents that he has not disclosed the terms of this Agreement to anyone prior to executing this Agreement. Fox News represents that it has not disclosed the terms of this Agreement to anyone who is not an executive at Fox News prior to executing this Agreement. Fox News further represents that as to these disclosures, it has obtained a promise from the recipient that such information will be kept confidential in accordance with the requirements of this Agreement.

4.2    At a mutually agreed time and place after delivery of this Agreement executed by Diamond and concurrent to the delivery of the checks required by Paragraph 1.1(a), Diamond, through her Counsel, will deliver to O'Reilly's counsel all originals and all copies of any tapes, disks, recordings, notes, transcripts, emails, written materials, computer files or other documents or compilations of data in any form, whether in her possession, custody or control or the possession, custody or control or any other person(s), concerning any conversation Diamond ever had with O'Reilly (the "Personal Materials"). Together with that delivery, Diamond will also deliver a sworn certification in the form attached as Exhibit A, and Diamond's Counsel will deliver a sworn certification in the form attached as Exhibit B, attesting that to each person's knowledge, information and belief, there exist no Personal Materials other than that delivered to O'Reilly's counsel. Nothing in this Paragraph shall require Diamond's Counsel to provide attorney-generated notes or communications between Diamond and her counsel or among Diamond's Counsel that are privileged and confidential pursuant to the attorney-client or work

- 4 -

product privileges, provided they undertake to ensure such notes or communications are kept strictly confidential and that any references to Personal Materials are redacted.

       4.3    In the event that the Parties, Diamond's Counsel or Defense Counsel receives a public inquiry, from the press, media, on the internet, or otherwise concerning any Confidential Information protected by this Agreement, they will decline to respond.

       4.4    Diamond will not fund, facilitate or assist in any way the advancement or prosecution of any claims against O'Reilly or Fox News, except that in the event she is subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to her employment with Fox News or this Agreement, she will give prompt written notice of such request to both Defense Counsel via email to allow Fox News and O'Reilly a reasonable opportunity to first contest the right of the requesting person or entity to such disclosure.

       4.5    In the event that Diamond materially breaches any of the warranties, representations or undertakings concerning confidentiality that she has made in this Paragraph, O'Reilly shall be entitled to recover as liquidated damages all payments made to Diamond (excluding payments to her counsel) referenced in Paragraph 1 herein, and O'Reilly shall not be required to make any future payments referenced in Paragraph 1 herein.  A breach of confidentiality by Diamond's husband shall be considered as a breach of this Paragraph by Diamond. In the event that Diamond's Counsel materially breaches any of the warranties, representations or undertakings concerning confidentiality that they have made in this Paragraph, O'Reilly shall be entitled to recover the payment made to the counsel responsible for such breach.  Diamond and Diamond's Counsel agree that O'Reilly and Fox News would be irreparably harmed by a breach of the confidentiality provisions of this Paragraph 4 and could not be adequately compensated solely by an award of damages. Therefore, in addition to the liquidated damages provided for in this Paragraph, O'Reilly or Fox News may seek a temporary restraining order and other injunction relief in the event of an imminent or actual breach of any of the confidentiality provisions of this Paragraph 4, without the requirement of a bond or other security. Any such injunction relief will be in addition to any actual damages, liquidated damages or any other relief to which O'Reilly or Fox News may be entitled. The Parties agree that any such action may be brought in the state or federal courts of New York and Diamond consents to the jurisdiction and venue thereof.

## 5.    NON-DISPARAGEMENT

       5.1    Diamond agrees that neither she, nor anyone acting on her behalf will make any disparaging statements, whether written or oral, direct or indirect, about O'Reilly, Fox News or any of the Releasees.

       5.2    O'Reilly agrees that neither he, nor anyone acting on his behalf, will make any disparaging statements, whether written or oral, direct or indirect, about Diamond.

       5.3    Fox News will direct Kevin Magee and Dianne Brandi as follows: neither of them, nor anyone acting on Mr. Magee's or Ms. Brandi's behalf, may make any disparaging statements, whether written or oral, direct or indirect, about Diamond.

- 5 -

     5.4    In the event that any third party, unaffiliated with Fox News, seeks a reference regarding Diamond from Fox News, Diamond will refer the third party to Dianne Brandi.  In such event, Brandi shall state only Diamond's dates of employment with Fox News, the position that she held when she left Fox News, and that Fox News' policies prevent the disclosure of any additional information.

## 6.    AGREEMENT OF DIAMOND'S COUNSEL

Diamond's Counsel, Cuti Hecker & Wang and Allred Maroko & Goldberg, represent and warrant that they do not currently represent any other sexual harassment claimant against O'Reilly or Fox News.  Diamond's Counsel agree that neither will use any information or names obtained in their representation of Diamond in any future representation of other clients with claims against O'Reilly or Fox News, unless such information or names are obtained exclusively through other means.

## 7.    ARBITRATION

Except for the availability of injunctive relief, any dispute concerning this Agreement or anything else related to the Claims shall be brought in the first instance to mediator Margaret Shaw at JAMS.  In the event that the dispute is not resolved through mediation, the matter shall be resolved through arbitration at JAMS, which decision shall be final and binding and not appealable to any court.  Both the mediation and the arbitration shall be strictly confidential.  The Parties agree that any breach of such confidentiality shall be considered a breach of Paragraph 4 herein.

## 8.    GOVERNING LAW

This Agreement and any claim or dispute arising out of or related to this Agreement or the transactions contemplated hereby, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of New York without regard to conflicts of law principles.

## 9.    INTEGRATED AGREEMENT

This Agreement constitutes and contains the entire agreement and understanding between the Parties concerning the subject matters addressed herein.  This Agreement supersedes and replaces all prior negotiations and all prior agreements between the Parties, whether written or oral, concerning the subject matter hereof.

**10.   SEVERABILITY**

If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement and to this end, the provisions of this Agreement are declared to be severable.

**11.   DRAFTING**

Each party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction or interpretation of this Agreement, the same shall not be construed against any party on the basis that the party was the drafter.

**12.   MODIFICATION**

This Agreement cannot be modified, amended or changed, except in writing signed by the Parties.

**13.   EXECUTION; COUNTERPARTS.**

This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument. Counterparts may be exchanged by electronic or facsimile transmission. Signed original copies will be exchanged as soon as practicable.

**14.   VOLUNTARY AND KNOWING AGREEMENT**

By her authorized signature below, Diamond certifies that : (a) she has carefully read and fully considered the terms of this Agreement, (b) she has had an opportunity to discuss its terms with counsel, (c) she agrees to all of the terms set forth in this Agreement, (d) she intends to be bound by them and to fulfill the promises set forth herein, (e) Diamond has been advised that she can opt to consider for 21 days whether to enter into this Agreement, but has decided not to wait the 21 days, (f) Diamond understands that she can revoke this Agreement if she advises Dianne Brandi and Fred Newman in writing within seven days after her execution of this Agreement, and (g) they voluntarily and knowingly enter into this Agreement with full understanding of its binding legal consequences.

IN WITNESS WHEREOF, the undersigned , intending to be legally bound, have caused this Agreement to be executed as of the dates set forth below:

_____
REBECCA DIAMOND

Sworn to before me on this
_10ᵗʰ_ day of August, 2011.

_____
Notary Public

MICHAEL E SLEVIN
Notary Public
State of New Jersey
My Commission Expires Feb 8, 2016

_____
WILLIAM O'REILLY

Sworn to before me on this
_____ day of August, 2011.

_____
Notary Public

_____
DIANNE BRANDI
EXECUTIVE VICE PRESIDENT
LEGAL & BUSINESS AFFAIRS
FOX NEWS NETWORK, LLC

Sworn to before me on this
_11ᵗʰ_ day of August, 2011.

_____
Notary Public

KRISTEN ROBERTA HESS
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HE6230659
Qualified In New York County
My Commission Expires November 01, 2014

- 8 -

IN WITNESS WHEREOF, the undersigned , intending to be legally bound, have caused this Agreement to be executed as of the dates set forth below:

_____
REBECCA DIAMOND

Sworn to before me on this
_____ day of August, 2011.

_____
Notary Public

_____
WILLIAM O'REILLY

Sworn to before me on this
_____ day of August, 2011.

_____
Notary Public

DIANNE D. BRANDI
Notary Public, State of New York
No. 02BR5041660
Qualified in New York County
Commission Expires April 10, 4/4/15

_____
DIANNE BRANDI
EXECUTIVE VICE PRESIDENT
LEGAL & BUSINESS AFFAIRS
FOX NEWS NETWORK, LLC

Sworn to before me on this
_____ day of August, 2011.

_____
Notary Public

- 8 -

As to provisions in Paragraphs 4, 6 and 7:

_____
GLORIA ALLRED
NATHAN GOLDBERG
ALLRED MAROKO & GOLDBERG

Sworn to before me on this
___ day of August, 2011

_____
Notary Public

As to provisions in Paragraphs 4, 6, and 7:

_____
MARIANN MEIER WANG
CUTI HECKER WANG, LLP

Sworn to before me on this
___ day of August, 2011.

_____
Notary Public

- 9 -

As to provisions in Paragraphs 4, 6 and 7:

_____
GLORIA ALLRED
NATHAN GOLDBERG
ALLRED MAROKO & GOLDBERG

Sworn to before me on this
_____ day of August, 2011.

_____
      Notary Public

As to provisions in Paragraphs 4, 6, and 7:

MARIANN MEIER WANG
CUTI HECKER WANG, LLP

Sworn to before me on this
  11   day of August, 2011.

_____
      Notary Public

ERIC HECKER
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HE6198457
Qualified In New York County
My Commission Expires December 22, 2012

- 9 -

As to provisions in Paragraphs 4 and 7:

_____

FREDRIC NEWMAN
SHERYL GALLER
HOGUET   NEWMAN   REGAL   &
KENNEY LLP

Sworn to before me on this
_12_ᵗʰ day of August, 2011.

_____
Notary Public

Jules R. Cattle, III, Attorney-at-Law
Notary Public, State of New York
No. 02CA6244913
Qualified in New York County
Commission Expires July 11, 2015

As to provisions in Paragraphs 4 and 7:

_____

BARRY ASEN
RONALD GREEN
EPSTEIN BECKER GREEN PC

Sworn to before me on this
_____ day of August, 2011.

_____
Notary Public

- 10 -

As to provisions in Paragraphs 4 and 7:

                                     _____

                                     FREDRIC NEWMAN
                                     SHERYL GALLER
                                     HOGUET   NEWMAN   REGAL   &
                                     KENNEY LLP

Sworn to before me on this
_____ day of August, 2011.

_____
      Notary Public

As to provisions in Paragraphs 4 and 7:

                                     _____
                                     BARRY ASEN
                                     RONALD GREEN
                                     EPSTEIN BECKER GREEN PC

Sworn to before me on this
11ᵗʰ day of August, 2011.

_____
      Notary Public

      KRISTEN ROBERTA HESS
NOTARY PUBLIC-STATE OF NEW YORK
        No. 02HE6230659
    Qualified in New York County
My Commission Expires November 01, 2014

- 10 -

## EXHIBIT A

## CERTIFICATION BY REBECCA DIAMOND

I, Rebecca Diamond, hereby certify that I have delivered or caused to be delivered to counsel for William O'Reilly ("O'Reilly"), by delivering to my counsel, all originals and all copies of any tapes, disks, recordings, notes, transcripts, emails, written materials, computer files or other documents or compilations of data in any form, whether in my possession, custody or control or the possession, custody or control or any other person(s), including but not limited to my husband Brett Diamond, concerning any conversation, other than those on O'Reilly's television and radio shows, that I ever had with O'Reilly (the "Personal Materials"), and I further certify that there exist no Personal Materials other than that delivered to my counsel, the law firms of Cuti Hecker Wang LLP and Allred Maroko & Goldberg (collectively "my Counsel"), Nothing in this Paragraph shall require my Counsel to provide attorney-generated notes or communications between myself and my Counsel or among and between my Counsel that are privileged and confidential pursuant to the attorney-client or work product privileges, provided they undertake to ensure such notes or communications are kept strictly confidential and that any references to Personal Materials are redacted.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are false, I am subject to punishment.

_____
Rebecca Diamond

Sworn before me this
_10ᵗʰ_ day of August, 2011
_____
Notary Public

MICHAEL E SLEVIN
Notary Public
State of New Jersey
My Commission Expires Feb 8, 2016

## EXHIBIT B

### CERTIFICATION BY COUNSEL

I, _NATHAN Goldberg_ on behalf of the law firm of _Allred Maroko Goldberg_ counsel for Rebecca Diamond ("Diamond"), hereby certify that my firm has delivered or caused to be delivered to counsel for William O'Reilly ("O'Reilly") all originals and all copies of any tapes, disks, recordings, notes, transcripts, emails, written materials, computer files or other documents or compilations of data in any form, whether provided to me by Diamond or anyone else and/or copied by my firm that is in my firm's possession, custody or control, concerning any conversation Diamond ever had with O'Reilly (the "Personal Materials") and there exist no Personal Materials in my firm's possession other than that delivered to O'Reilly's counsel. Nothing in this Paragraph requires my firm to provide attorney-generated notes or communications between Diamond and my firm or between my firm and my co-counsel firm, which are privileged and confidential pursuant to the attorney-client or work product privileges. My firm shall undertake to ensure such notes or communications are kept strictly confidential and that any references to Personal Materials are redacted.

Sworn before me this
_10 th_ day of August, 2011

_____
Notary Public

MARY ANN GULUZZA
Commission # 1858515
Notary Public - California
Los Angeles County
My Comm. Expires Jul 23, 2013

## EXHIBIT B

## CERTIFICATION BY COUNSEL

I, Mariann Wang on behalf of the law firm of Cuti Hecker Wang LLP, counsel for Rebecca Diamond ("Diamond"), hereby certify that my firm has delivered or caused to be delivered to counsel for William O'Reilly ("O'Reilly") all originals and all copies of any tapes, disks, recordings, notes, transcripts, emails, written materials, computer files or other documents or compilations of data in any form, whether provided to me by Diamond or anyone else and/or copied by my firm that is in my firm's possession, custody or control, concerning any conversation Diamond ever had with O'Reilly (the "Personal Materials") and there exist no Personal Materials in my firm's possession other than that delivered to O'Reilly's counsel. Nothing in this Paragraph requires my firm to provide attorney-generated notes or communications between Diamond and my firm or between my firm and my co-counsel firm, which are privileged and confidential pursuant to the attorney-client or work product privileges. My firm shall undertake to ensure such notes or communications are kept strictly confidential and that any references to Personal Materials are redacted.

Mariann Wang

Sworn before me this
_11_ day of August, 2011

Notary Public

ERIC HECKER
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HE6198457
Qualified in New York County
My Commission Expires December 22, 2012