# HOGUET NEWMAN
# REGAL & KENNEY, LLP

10 East 40th Street  
New York, New York 10016

Tel 212.689.8808  
Fax 212.689.5101  
www.hnrklaw.com

abourne@hnrklaw.com

March 27, 2018



**VIA HAND DELIVERY**

Hon. Deborah A. Batts  
United States District Judge  
Daniel Patrick Moynihan U.S. Courthouse  
500 Pearl Street, Room 2510  
New York, NY 10007

**Re:** *Bernstein, et al. v. O'Reilly, et al.*, **17 Civ. 9483 (DAB)**

Dear Judge Batts,

      We represent Defendant Bill O'Reilly in the above-referenced action. In accordance with Your Honor's March 26, 2018 Order (ECF No. 49), we enclose un-redacted copies of the two Confidential Agreements that O'Reilly requests that the Court order to be filed either in redacted form or under seal. We respectfully request that the Confidential Agreements be filed under seal, or redacted, because while there may be a presumption in favor of access to court records, that presumption is not absolute, and this Court may properly restrict access even to judicial records where the records are irrelevant to the case or because countervailing privacy interests intervene, as they do here. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not 'used to gratify private spite or promote public scandal' through the publication of 'the painful and sometimes disgusting details of a divorce case'); *see also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Courts have long declined to allow public access simply to cater 'to a morbid craving for that which is sensational and impure.'").

      The enclosed Confidential Agreements are only relevant in this case to establish the agreement to arbitrate this dispute. Beyond the arbitration provision in each of the Confidential Agreements, the Confidential Agreements have no relevance to issues in this case. In such a circumstance, courts have regularly found that privacy interests in the portions of the document not relevant to the dispute outweigh any right of access, and so permit the document to be filed in redacted form. *See Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 13 Civ. 6073 (PKC), 2013 WL 6171315, at *7 (S.D.N.Y. Nov. 25, 2013) (sealing exhibits that "played no role" in adjudication



of motion to compel arbitration "which turned almost exclusively on the … arbitration clause"); *SOHC, Inc. v. Zentis Sweet Ovation Holding LLC*, 14 Civ. 2270 (JMF), 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014) (granting motion to redact information from documents submitted in support of motion to compel arbitration as the information was "not relevant to the parties' legal dispute and implicate[d] legitimate privacy interests"); *see also Sellick v. Consolidated Edison Co. of N.Y., Inc.*, 15 Civ. 9082 (RJS), 2017 WL 1133443, at *8 (S.D.N.Y. March 23, 2017) (holding that request to redact from the public record portions of brief that detailed terms of confidential settlement was "narrowly tailored to serve the parties' interest in maintaining the confidentiality of their settlement"); *Kelly v. Evolution Markets, Inc.*, 626 F. Supp. 2d 364, 377 (S.D.N.Y. 2009) (granting request to seal confidential employment agreement attached to complaint). Indeed, this is precisely how the Parties have proceeded already and the Plaintiffs offer no justification as to why the entire Confidential Agreement is necessary for this Court's resolution of the motion to compel arbitration, let alone why such documents should be publicly filed.

Even assuming that the Confidential Agreements are judicial documents and should be afforded a presumption of access, this Court must balance that presumption against the privacy interests of those resisting disclosure. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). "In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Amodeo*, 71 F.3d at 1051.

Here, the privacy interests of Mr. O'Reilly outweigh any public interest in disclosing the documents to the public for several reasons. First, each of the enclosed Confidential Agreement is a private agreement, which resolved a private dispute that the Parties intended to keep confidential and, accordingly, should be considered to be a private rather than a public document. Additionally, under the Plaintiffs' theory, each Confidential Agreement concerns "embarrassing conduct with no public ramifications," which further weighs against public dissemination. Moreover, failing to seal or redact the Confidential Agreements will discourage confidential private resolutions of disputes because if the parties to a confidential agreement cannot ensure their confidentiality in the face of a dispute over that agreement, confidentiality provisions would become meaningless. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (finding party entitled to sealing of amount paid in a settlement agreement, even though disclosed to the court at a conference, because "[i]f nothing else, honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage."); *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998) (approving the sealing of settlement documents and drafts because of, *inter alia*, the court's responsibility to encourage and facilitate settlement).

We welcome the opportunity to discuss this issue with the Court at a conference, as well as the opportunity to fully brief any issues that cannot be resolved by a conference before Your Honor.

Case 1:17-cv-09483-DAB   Document 61   Filed 04/05/18   Page 3 of 3

Hon. Deborah A. Batts
March 27, 2018
Page 3

HOGUET NEWMAN
REGAL & KENNEY, LLP

As always, we thank Your Honor for your continued attention to this matter.

Respectfully submitted,

Andrew N. Bourne

cc:   All Counsel of Record (via email) (w/ enclosures)