**SMITH MULLIN, P.C.**
COUNSELLORS AT LAW

240 CLAREMONT AVENUE · MONTCLAIR, NEW JERSEY 07042
TEL. (973) 783-7607 · FAX (973) 783-9894
NMULLIN@SMITHMULLIN.COM

NEIL MULLIN, ESQ.

April 9, 2018

<u>*Via ECF and Federal Express (courtesy copy)*</u>
Hon. Deborah A. Batts, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2510
New York, New York 10007-1312

    Re:    ***Bernstein, et al. v. O'Reilly, et al.***
             ***Civil Action No.: 1:17-cv-9483 (DAB)***

Dear Judge Batts:

    I write in response to the letter filed on April 6, 2018 by defendant's counsel for Fox News Network, LLC [dkt.no. 63]. While defendants have now consented to granting the pending Cross-Motion to File a Second Amended Complaint, defendants argue that they should be allowed an entirely new briefing schedule and the right to file yet another motion to dismiss.

    Contrary to the cases cited by defendant in their April 6, 2018 letter, which did not deal with the precise situation here, the court is <u>not</u> required to begin the process anew but rather has broad discretion:

> However, where, as here, the Plaintiff seeks to amend her pleading while a motion to dismiss is pending, the Court "'has a variety of ways in which it may deal with the pending motion to dismiss, [including] denying the motion as moot [or] considering the merits of the motion in light of the'" PSAC[1]. <u>Schwartzco Enters., LLC v. TMH Mgmt., LLC</u>, 60 F.Supp.3d 331, 338 (E.D.N.Y.2014) (Spatt, J.) (internal brackets omitted) (<u>quoting</u> Roller Bearing Co. of Am., Inc. v. Am. Software, Inc., 570 F.Supp.2d 376, 384 (D.Conn.2008)).

<u>Lopez-Serrano v. Rockmore</u>, 132 F.Supp.3d 390, 398 (E.D.N.Y. 2015).

---

    [1] "PSAC" means "Proposed Second Amended Complaint."



Hon. Deborah A. Batts, U.S.D.J.
April 9, 2018
Page 2

    Both defendant O'Reilly and defendant Fox News can simply use their reply briefs, which have yet to be filed, to address any new factual allegations in the Second Amended Complaint, none of which should come as a surprise to them. Plaintiffs have already lightened their burden by dropping some claims. The addition of a new defendant, the corporate parent 21st Century Fox, Inc., should not impact their arguments at all and should come of no surprise to defendants, since Fox argued that it was not liable for Mr. Murdoch's statements or 21st Century Fox's press release.

    Accordingly, plaintiffs request that the Court (1) grant the Cross-Motion to File a Second Amended Complaint, now that defendants have consented to it; (2) deny defendants' request to re-file motions to dismiss; and (3) instead, direct defendants to address the Second Amended Complaint in their scheduled reply brief.

                                            Respectfully submitted,

                                            NEIL MULLIN

cc:    Joseph M. Terry, Esq. (w/o encl.: via e-mail)
        Andrew N. Bourne, Esq. (w/o encl.: via e-mail)