```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X
                                           :
Rachel Witlieb Bernstein,                  :
Andrea Mackris, and Rebecca                :
Gomez Diamond                              :   17-Civ-9483 (DAB)
                                           :
              Plaintiffs,                  :        ORDER
                                           :
         -v-                               :
                                           :
Bill O'Reilly and                          :
Fox News Network LLC                       :
                                           :
              Defendants.                  X
------------------------------------------
```

Deborah A. Batts, United States District Judge:

Plaintiffs in the above-captioned case have filed a Motion to Amend/Correct the First Amended Complaint. (ECF No. 68.) Defendants do not oppose this motion. The Motion to file a Second Amended Complaint is GRANTED but should be filed separately for Plaintiff Bernstein and Plaintiffs Mackris and Diamond.

Plaintiffs have also requested this Court for Leave to File "Sur-Replies" to Defendants' Motions to Dismiss the Proposed Second Amended Complaint. (ECF Nos. 75, 77.) This is DENIED.

Rule 21 of the Federal Rules of Civil Procedure "permits a court, [on motion or on its own,] to add or drop parties to an action when doing so would serve the ends of justice and further the prompt and efficient disposition of the litigation." In re Merrill Lynch & Co. Research Reports Sec. Litig., 214 F.R.D. 152,

154 (S.D.N.Y. 2003) (citations omitted); Fed. R. Civ. P. 21. "In exercising its discretion under Rule 21, the court must consider principles of fundamental fairness and judicial efficiency." Merril Lynch, 214 F.R.D. at 155 (citation omitted). This decision "is committed to the sound discretion of the trial court." Id. at 155 (citations omitted). Moreover, "it is within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (internal citations omitted). Finally, a court "should freely give leave" to replead "when justice so requires." Fed. R. Civ. P. 15(a)(2).

The posture of the three Plaintiffs is different because Plaintiff Bernstein does not have an arbitration clause while Plaintiffs Mackris and Diamond do have arbitration clauses. This Court concludes that it is in the best interests of justice to sever Plaintiff Bernstein's claims from Plaintiffs Mackris' and Diamond's claims.

Accordingly, this Court:
1. SEVERS the claims asserted by Defendant Bernstein from those asserted by Plaintiffs Mackris and Diamond;
2. GRANTS Plaintiff Bernstein LEAVE TO REPLEAD her claims within 20 days of this Order;
3. GRANTS Plaintiffs Mackris and Diamond LEAVE TO REPLEAD

their claims within 20 days of this Order; and

4. DENIES Plaintiffs' Motions to file Sur-Replies, but directs Defendants to move against or answer the Complaint of Plaintiff Bernstein and that of Plaintiffs Mackris and Diamond once filed.

Should Defendants move against the Second Amended Complaint, Plaintiffs have 20 days from the date the Motion is filed to respond.

The Clerk of Court is directed to close docket numbers 40, 43, 68, 75, and 77 in this case.

SO ORDERED.

Dated:    New York, New York
          September 25, 2018

_____
Deborah A. Batts
United States District Judge